UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ARTHUR GOODLY ET AL** | **CASE NO.  2:22-CV-05650** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLSTATE INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Under FRCP 12(b)(6) – Failure to State a Claim" (Doc. 12) filed by Defendant Allstate Insurance Company and Northern Light Specialty Insurance company, a wholly owned subsidiary of Allstate Insurance Company (collectively referred to as "Allstate").  Allstate moves the Court to dismiss Plaintiffs' claims for failure to state a claim because they are prescribed.

## INTRODUCTION

Hurricane Laura made landfall near Lake Charles, Louisiana on August 27, 2020, and Hurricane Delta made landfall near Lake Charles, Louisiana on October 9, 2023. Plaintiffs allege the Hurricanes caused damage to their property. During the relevant time period Allstate insured Plaintiffs' property. Plaintiffs' allege that Allstate under-adjusted their claims

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The

court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Allstate argues that Plaintiffs claims are prescribed and moves to dismiss them. Allstate relies on Louisiana Revised Statute 22:868(B) which provides that an insurance contract is subject to a liberative prescription of twenty-four (24) months which commences from the date of the loss.

Here, the first date of loss from Hurricane Laura is August 27, 2020, and the second alleged date of loss from Hurricane Delta is October 9, 2020. Plaintiffs filed the instant lawsuit on October 10, 2020. Plaintiff's Hurricane Laura claims accrued on August 27, 2022 and the Hurricane Delta claims accrued on October 9, 2020.

Plaintiffs cite *Smith v. Citadel Ins. Co.*, 285 So. 3d 1062 (La. 2019), wherein the Louisiana Supreme Court held that "first-party bad faith claims against an insurer are governed by the ten-year prescriptive period set forth in La. C.C. art. 3499." *Id.* at 1073. Moreover, in *Smith*, the Louisiana Supreme Court stated that this "decision is in line with the majority of jurisprudence from [Louisiana's] state appellate courts and the federal courts which have considered the proper prescriptive period for actions under the insurance penalty statutes." 285 So.3d at 1069.

Specifically, the Louisiana Supreme Court observed that Louisiana courts have "applied a ten-year prescriptive period to an insured's action against the insurer for penalties under La. R.S. 22:658 (now La. R.S. 22:1892)," *id.* at 1069–70 (citing *Cantrelle Fence and Supply Co. v. Allstate Insurance Co.*, 550 So. 2d 1306, 1308 (La. Ct. App. 1st Cir. 1989), *writ denied*, 559 So. 2d 123 (La. 1990), as well as "a ten-year prescriptive period was applicable to an insured's (by assignment of rights) bad faith failure to settle claim against the insurer under 11 La. R.S. 22:1220 (now La. R.S. 22:1973)," *id.* at 1070 (citing *Keith v. Comco Insurance Co.*, 574 So. 2d 1270, 1276 (La. Ct. App. 2d Cir. 1991), *writ denied*, 577 So. 2d 16 (La. 1991); *see also We sell used Cars, Inc. v. United Nat'l Ins. Co.*, 715 So.2d 656, 660 (La. Ct. App. 2d Cir. 1998) (holding an insured's claim for penalties and attorneys' fees under La. R.S. 22:658 9now 22:1892] is ten years). Accordingly, Plaintiff's Section 22:1892 and 22:1973 claims for penalties and attorney's fees that arise out of Allstate's handling of its Hurricane Laura and Delta claims are subject to the ten-year prescriptive period set forth in La. C.C. art. 3499 and thus have not yet prescribed. However, any contractual claims have prescribed.

## CONCLUSION

For the reasons stated herein, Plaintiff's bad faith claims have not prescribed and therefore to that extent the Motion to Dismiss will be denied. The Motion to Dismiss will be granted as to Plaintiffs' contractual claims.

**THUS DONE AND SIGNED** in Chambers on this 4th day of October, 2023.

**JAMES C. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**