UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ARTHUR GOODLY ET AL** | **CASE NO. 2:22-CV-05650** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLSTATE INSURANCE CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Under Rule 12(b)(6)" (Doc. 29) filed by Defendants Allstate Insurance Company and North Light Specialty Insurance. The motion is regarded as unopposed.

### I. BACKGROUND

This lawsuit arises from alleged damage to Plaintiffs Arthur and Carrie Goodley's home by Hurricane Laura, which made landfall on August 27, 2020, and Hurricane Delta, which made landfall on October 9, 2020. At all relevant times the home was insured under a policy issued by Defendants. Plaintiffs filed a complaint on October 10, 2022, asserting contractual as well as bad faith claims.

Defendants previously filed a Rule 12(b)(6) motion to dismiss for failure to state a claim based upon the action being prescribed. This Court granted that motion as to the contractual claims but denied it as to the bad faith claims. *Goodly v. Allstate Ins. Co.,* 2:22-CV-05650, 2023 WL 6466262 (W.D. La. Oct. 4, 2023)

Defendants now move to dismiss Plaintiffs' bad faith claims under Rule 12(b)(6), asserting that they have prescribed. Doc. 29-1. The policy at issue contains an "Action

Against Us" clause, which states: "Any suit or action must be brought within 24 months after the inception of loss or damage." Doc. 29-2. Plaintiffs filed no opposition.

## II. LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." *Wilson v. Birnberg,* 667 F.3d 591, 595 (5th Cir. 2012). When reviewing such a motion, the court should focus on the complaint and its attachments. *Id.*

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.,* 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

While Louisiana law provides a ten-year prescriptive period for personal actions, Louisiana Civil Code article 3499, the parties to an insurance contract may contractually agree to limit the period within which a suit must be filed. *Noland v. Sun Life Assurance Co. of Canada,* 2001 WL 360755, at *1 (5th Cir. 2001). Bad faith claims are subject to a ten-year prescriptive period because they are "an outgrowth of the contractual and fiduciary

relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Smith v. Citadel Ins. Co.,* 285 So.3d 1062, 1069 (La. 2019). However, in *Taranto v La. Citizens Prop. Ins. Co.,* the Supreme Court explained that in an insurance lawsuit, the time period that a plaintiff has to bring this action may be derived from either the general statute of limitations or the terms of the particular insurance policy. 62 So.3d 721, 727-28 (La. 2001), "The contractual period of prescription is valid so long as it does not contravene a state statute or public policy." *Id.* "There is no statutory prohibition that would preclude an insurer from adopting a two-year limitation on the institution of a first-party suit based on breach of good faith duties." *Wilson v. La. Citizens Prop. Ins. Corp.,* 375 So.3d 961, 962 (La. 1/10/24).

Plaintiffs' alleged losses occurred on August 27, 2020, and October 9, 2020. Plaintiffs filed their complaint on October 10, 2022. A clause in Plaintiff's insurance policy with Defendants required that the suit be filed within 24 months of loss or damage. Plaintiffs did not bring their action within the contractually agreed upon 24 months. Therefore, Plaintiffs' suit for bad faith claims is prescribed and should be dismissed.

### III. CONCLUSION

For the reasons stated above, The Motion to Dismiss (Doc. 29) will be **GRANTED.**

**THUS DONE AND SIGNED** in chambers on the 8th day of July, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**